[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14552
Non-Argument Calendar
_____

D. C. Docket No. 1:11-cr-20215-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN MELTON KIVETT,
a.k.a. Steven Kivett,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 29, 2012)


Before HULL, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal involves a maritime offense.  The defendant was on supervised release at the time of the offense.

Defendant, Steven Melton Kivett, appeals his conviction and 39-month sentence, imposed within the guideline range, after being found guilty by a jury for one count of failure to heave to, in violation of 18 U.S.C. § 2237(a)(1).

Briefly stated, Kivett presents these issues:

(1)    Whether the evidence, including Kivett's own testimony and Border Protection's use of flashing blue lights, sirens, two red flares, and disabling shots were sufficient to support Kivett's conviction although no oral order to heave to was delivered from the marked patrol boat;

(2)    Whether the district court properly admitted Kivett's judgment and commitment order (J&C) from a prior alien-smuggling conviction under Fed.R.Evid. 404(b) to show motive;

(3)    Whether the district court erred in permitting the introduction of the J&C from Kivett's prior alien-smuggling conviction without requiring a witness to introduce the document; and

(4)    Whether Kivett's sentence is substantively unreasonable because it

exceeded an amount necessary to fulfill the statutory goals of

sentencing.

The evidence at trial of the marked patrol boat's use of flashing blue lights, spotlights, siren flares, and disabling shots are sufficient to support the jury's guilty verdict.  Especially given the limiting instructions, the district court did not abuse its discretion by admitting Kivett's prior J&C because it went to his motive and served as an integral and natural account of the circumstances surrounding the charged offense.  Again given the limiting instructions on use, there are no meritorious Sixth Amendment Confrontation Clause issues because Kivett's proposed cross-examination of his J&C were not relevant to resolution of the ultimate issues of the case.  For background, see United States v. Lyons, 403 F.3d 1248, 1255 (11th Cir. 2005).  Finally, Kivett has not shown that his guideline-range sentence was unreasonable, given his demonstrated and dangerous disregard for the law.

We affirm Kivett's conviction and sentence.

AFFIRMED.

3